UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE ANDERSON,<br><br>                      Petitioner,<br>v.<br><br>GOV. JERRY BROWN;<br>MAUREEN F. HALLAHAN,<br>Superior Court Judge,<br><br>                      Respondents. | Case No.: 18cv666-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

    On April 2, 2018, Petitioner Bennie Anderson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On April 5, 2018, Petitioner filed an Amended Petition and Motion to Proceed In Forma Pauperis. (ECF Nos. 2, 3). On April 9, 2018, Petitioner filed a request for judicial notice. (ECF No. 4).

**I.    FACTUAL ALLEGATIONS**

    Petitioner is in custody at the San Diego Central Jail and asserts that he is being held without bail "pending the signing of the Governors warrant for pick up." (ECF No. 1 at 3; ECF No. 2). On March 16, 2018, Petitioner was arrested and charged "as a parole violator at large on a warrant issued from Ohio's Parole Board . . . on case No. CR203616, from year 1985 in Cleveland, Ohio." (ECF No. 1 at 1). Petitioner asserts that Case Number

1

203616 "out of Cleveland Ohio, Cuyahoga County, year 1985" was overturned on a petition for writ of habeas corpus.[1] *Id.* at 3.

On March 26, 2018, Petitioner appeared before Superior Court Judge Maureen Hallahan to contest "the validity of the extradition warrant" and "the lawful right to jurisdiction over the Petitioner." *Id.* at 2. At the state court proceeding, Petitioner informed the Court that "all requisite proceedings for proper issuance of the warrant had not taken place." *Id.* Petitioner asserts that he is challenging a pending extradition from California to Ohio based on fraudulent documents and seeks an injunction preventing his extradition. (ECF No. 2). Petitioner alleges that he is being held in violation of the Constitution, law or treaties of the United States on the following grounds: (1) violation of section 1 and 2 of Article IV of the Constitution; (2) violation of the 13th Amendment; and (3) violation of the 14th Amendment. *Id.* at 6–8.

Petitioner attaches the minutes from a hearing before the Superior Court of California, County of San Diego on March 26, 2018 stating "Court finds defendant is the person wanted in the State of Ohio – ID is established." (ECF No. 1 at 7). Petitioner also attaches a document from the Division of Parole and Community Services for the State of Ohio which is described as "Type of Report: Whereabouts Unknown/Violator-At-Large" and states that Petitioner is on "post release control" supervision from April 15, 2016 to April 14, 2019. *Id.* at 4.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a habeas proceeding in a district court of the United States must pay a filing fee of $5.00. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.1999). "To

---

[1] Petitioner filed a request for judicial notice of a correction to his Petitions stating that Petitioner listed the wrong federal judge in relation to the habeas proceedings which allegedly overturned his prior conviction. The Court considers the Petitions as corrected by the Petitioner in this request. (ECF No. 4).

proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.1965).

Petitioner is a detainee in state custody and attests he is unable to afford the $5.00 filing fee. The Court grants Petitioner's Motion to Proceed In Forma Pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### III. PETITION FOR WRIT OF HABEAS CORPUS

Having determined that Petitioner may proceed in forma pauperis, the Court conducts a preliminary review of his Petition. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

The district court has jurisdiction to issue a writ of habeas corpus where a prisoner establishes that he or she "is in custody in violation of the Constitution or laws or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Petitioner filed this action pursuant to 28 U.S.C. § 2254 and is in state custody, his Petition attacks the validity of his pending extradition to Ohio on the grounds that it violates the United States Constitution. The Ninth Circuit Court of Appeals has stated,

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.]

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2017).

> The general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for

> example, a defendant in pre-trial detention or awaiting extradition. In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims.

*Id.* Accordingly, the Court construes this Petition challenging Petitioner's extradition to the state of Ohio as brought pursuant to 28 U.S.C. § 2241.

The Extradition Clause of the United States Constitution provides that a person charged with a crime who flees from justice and is found in another state "shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the crime." U.S. Const. Art. IV, § 2, cl. 2. The Extradition Act, 18 U.S.C. § 3182, provides the mechanisms to implement the Extradition Clause. The scope of habeas review in extradition proceedings is narrow and courts are limited to consideration of the following factors:

> (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Michigan v. Doran*, 439 U.S. 282, 289 (1978).

In this case, there is no claim that the extradition documents are not in order on their face or that Petitioner has not been charged with a crime in Ohio. Petitioner provides documentation demonstrating that the Superior Court for the County of San Diego held an identity hearing where the court found that the defendant is the person wanted in the state of Ohio. (ECF No. 1 at 7). Finally, Petitioner has provided documentation from the Ohio Parole Board indicating that Petitioner is on "post release control" supervision as of April 2016 and through April 2019. (ECF No. 1 at 4). The Court concludes that it plainly appears on the face of the Petition and the attached documents that Petitioner is not entitled to habeas relief in this case.

"In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22. A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court grants a certificate of appealability with respect to Petitioner's challenge to his extradition proceedings.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed In Forma Pauperis is GRANTED. (ECF No. 3).

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus are DISMISSED. (ECF Nos. 1, 2). A certificate of appealability is granted with respect to Petitioner's challenge to his extradition proceedings.

Dated: April 18, 2018

Hon. William Q. Hayes
United States District Court