UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE ANDERSON,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>GOV. JERRY BROWN;<br>MAUREEN F. HALLAHAN,<br>Superior Court Judge,<br><br>　　　　　　　　　Respondents. | Case No.: 18cv666-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

　　On April 2, 2018, Petitioner Bennie Anderson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On April 5, 2018, Petitioner filed an Amended Petition and Motion to Proceed In Forma Pauperis. (ECF Nos. 2, 3). Because Petitioner challenged extradition proceedings, the Court construed the Petition for Writ of Habeas Corpus to be brought under 28 U.S.C. § 2241. (ECF No. 5 at 6). On April 18, 2018, the Court granted the Motion to Proceed In Forma Pauperis, dismissed the Petition, and granted a certificate of appealability. (ECF No. 5). The Clerk of Court entered judgment. (ECF No. 6).

　　On April 27, 2018, Petitioner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. (ECF No. 10).

On June 26, 2018, Petitioner filed a "writ coram vobis" which largely repeats the arguments presented in his earlier filings. (ECF No. 19).

On June 29, 2018, Petitioner filed a "motion for reconsideration on a timeless issue." (ECF No. 21). Petitioner states that he "moves for reconsideration of this case in light of his resent [sic] discovery of the 1988 case decission [sic] in Anderson v. Morris case no # C-1-88-0627, the Ohio Federal Court decission [sic] in which, Cleveland case CR 203616 was found to be a misconviction in a timeless (in rem) decission [sic] by federal district Jurist Herman Jacob Webber, and sent for Habeas Corpus hearing on October 27th, 1988." (ECF No. 21).

On July 5, 2018, the Court issued a minute order requiring Respondent to file a response to Petitioner's motion for reconsideration on or before July 11, 2018. (ECF No. 22).

On July 10, 2018, Respondent filed a response pursuant to the Court's Order. (ECF No. 23). Respondent contends that this Court lacks jurisdiction to consider the motion for reconsideration in light of the notice of appeal. Respondent contends that Petitioner's arguments were previously raised and considered in this Court. Respondent further contends that Petitioner "does not rely on an intervening change of relevant law, demonstrate the availability of new evidence, or establish the need to correct clear error or prevent manifest injustice." *Id.* at 5. Respondent asserts that case number 203616, which Plaintiff represents as a "misconviction," is not the basis for Petitioner's extradition to the State of Ohio. *Id.* at 4; *see also* ECF No. 21.

## RULING OF THE COURT

The filing of a notice of appeal generally divests the district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The filing of a notice of appeal does not divest the Court of jurisdiction if it is filed while there is a pending motion for

2

18cv666-WQH-BLM

reconsideration. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)). In this case, Petitioner filed this motion for reconsideration over two months after filing the notice of appeal. (ECF Nos. 10, 21). There were no pending motions for reconsideration at the time Petitioner filed the notice of appeal. Accordingly, this Court was divested of jurisdiction upon the filing of the notice of appeal on April 27, 2018. (ECF No. 10).

In addition, Petitioner fails to provide grounds for any reconsideration of the Court's Order denying the Petition for Writ of Habeas Corpus. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Petitioner fails to establish any newly discovered evidence, clear error, or intervening change in controlling law sufficient to justify reconsideration. *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (describing reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources.").

IT IS HEREBY ORDERED that the motion for reconsideration is DENIED. (ECF No. 21).

Dated: July 12, 2018

Hon. William Q. Hayes
United States District Court